```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND


JOHN HENRY ROBINSON             *
              Plaintiff         *
v.                              *
                                *   Civil Action No. WMN-16-42
LIBERTY INSURANCE CORPORATION   *
              Defendant         *
                                *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Plaintiff John Henry Robinson filed this action against Defendant Liberty Insurance Corporation[1] alleging "First Party Bad Faith"[2] under the Maryland Insurance Code § 27-1001 (Count I), "Breach of Contract" (Count II), and "In the Alternative, Insurance Producer Malpractice" (Count III).  ECF No. 14-1.  Before the Court is Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint.  ECF No. 16.  The motion is ripe.  Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that Defendant's motion will be granted.

---

[1] Plaintiff's Complaint refers to Defendant as Liberty Mutual Insurance Company, ECF No. 1, and Plaintiff's Amended Complaint refers to Defendant as Liberty Insurance Company.  ECF No. 14. Defendant avers that "the underwriting company for the policy at issue and proper Defendant is Liberty Insurance Corporation." ECF No. 19 at 1 n.1.

[2] Although the Amended Complaint names this count "First Party Bad Faith," ECF No. 14-1 at 6, the Maryland statutory cause of action is for "failure to act in good faith," which is the title the Court adopts.  See Md. Code Ann., Ins. § 27-1001(e)(2)(ii); Md. Code Ann., Cts. & Jud. Proc. § 3-1701(d)(1)-(2).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 3, 2013, Plaintiff purchased a homeowner's insurance policy from Defendant for a house in Linthicum Heights, Maryland.  The purchase was made through Defendant's website and the policy period ran from July 4, 2013, until July 4, 2014.  Plaintiff alleges he previously purchased from Defendant a similar policy for another house located in Baltimore, Maryland, which was still in force when he purchased the Linthicum Heights policy.[3]  ECF No. 13 at 1 n.2.  On both insurance applications, Plaintiff checked the box indicating that the house he sought to insure was his principle residence.  ECF No. 14-1 at ¶24, ¶27.

The Linthicum Heights house suffered severe damage in a fire on May 1, 2014.  Plaintiff filed an insurance claim and Defendant's investigation raised concerns regarding whether Plaintiff had made misrepresentations concerning his residency.  Plaintiff's insurance policy required that the insured location be Plaintiff's principle residence and legal domicile.  ECF No. 14-1 at ¶14.  Defendant determined that the subject property was not Plaintiff's principle residence, on the grounds that

---

[3] Defendant's Exhibit A reflects that the policy for the Baltimore house ran from February 16, 2014, until February 16, 2015.  ECF No. 16-2 at 3.  This coverage period is inconsistent with Plaintiff's allegation that the Baltimore policy was purchased before the Linthicum Heights policy.  ECF No. 14-1 at ¶24, ¶27.  For the purposes of this Memorandum, it does not matter which policy was purchased first.

Plaintiff did not live there permanently, but rather, was acting as a landlord and visiting the property sporadically. Defendant "eventually denied coverage for all losses under its residency argument and also for alleged misrepresentations" during the investigation. ECF No. 14-1 at ¶57.

Counts I and II of the Amended Complaint were filed against Defendant as the <u>insurer</u> of the Linthicum Heights property and concern Defendant's investigation of Plaintiff's insurance claim and eventual denial of insurance coverage. Defendant has not moved to dismiss Count I or II. Count III, insurance producer malpractice, is essentially a negligence claim against Defendant in its supposed capacity as an <u>insurance producer</u>,[4] <u>i.e.</u> as an agent or a broker. Count III of the Complaint was brought in the alternative to Counts I and II, "in the event the Court finds that Liberty's coverage denial based on Robinson's residency is legally valid." ECF No. 14-1 ¶69. Defendant moves to dismiss Count III of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[4] Under the Maryland Insurance Code, "insurance producer" is defined as "a person that, for compensation, sells, solicits, or negotiates insurance contracts ... or the renewal or continuance of these insurance contracts for: (i) persons issuing the insurance contracts; or (ii) insureds or prospective insureds other than the insurance producer." Md. Code Ann., Ins. § 1-101(u)(1).

**II. LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint it if fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In evaluating a motion to dismiss filed pursuant to Rule 12(b)(6), the court must accept as true all well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "In considering a challenge to the adequacy of a plaintiff's pleading, however, a court may properly consider documents 'attached or incorporated into the complaint,' as well as documents attached to the defendant's motion, 'so long as they are integral to the complaint and

4

authentic.'"  Johnson v. Baltimore City Police Dep't, Civil No. ELH-12-2519, 2014 WL 1281602, at *13 (D. Md. Mar. 27, 2014) (quoting Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)).

## III. DISCUSSION

In Count III, Plaintiff asserts that Defendant acted as an insurance producer by selling him an insurance policy through its website, and therefore, that Defendant should be held to the same standard of care as anyone selling insurance.  ECF No. 13 at 4.  Plaintiff claims that Defendant breached its duty of reasonable care in three ways:

> ¶72. ... by selling Robinson a policy that would not cover his home despite having constructive knowledge that the policy would not cover the home.
>
> ¶73. ... by failing to ask Robinson enough questions to determine whether Robinson would be covered by the policy Liberty sold him in light of Liberty's constructive knowledge that Robinson was misunderstanding the application.
>
> ¶74. ... by selling Robinson two insurance policies based on what Liberty subsequently insisted were inconsistent factual assertions about residency.

ECF No. 14-1 at 11.  In essence, Plaintiff alleges that Defendant was negligent for failing to ask enough questions and issuing the policy despite constructive knowledge that it would deny the claims.  Plaintiff asserts that due to Defendant's negligence, the insurance policy did not cover the Linthicum

Heights house after the fire loss, causing him to suffer considerable damages.

Defendant moves to dismiss Count III on two grounds. First, Defendant argues that it is an insurer, not an insurance producer, and therefore, does not owe Plaintiff the duties applicable to insurance producers. ECF No. 16-1 at 6. Second, Defendant argues that, if it "had the same duties imposed upon it as a traditional insurance producer, Plaintiff could still not maintain a negligence claim against it." Id. at 10. This Court need not decide whether Defendant is an insurer or an insurance producer or both, because it agrees with Defendant's second ground for dismissal; insurance producers do not owe insureds the duties Plaintiff asks this Court to impose upon Defendant.[5]

To recover in an action for negligence under Maryland law, a plaintiff must prove: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately

---

[5] Plaintiff requests, in the event the Court finds that Defendant, Liberty Insurance Corporation, is not an insurance producer, for leave to "add the website owner (Liberty Mutual Insurance) as a second defendant and amend Count 3 to be against that Liberty." ECF No. 13 at 2. The Court finds that amendment would be futile, because even if Plaintiff named as a defendant a party which acted as an insurance producer, that party would not have the duties Plaintiff seeks to impose in Count III.

6

resulted from the defendant's breach of the duty." Lloyd v. Gen. Motors Corp., 916 A.2d 257, 270-71 (Md. 2007). An insurance producer owes a duty to "exercise reasonable care and skill in performing his duties. And if such a representative fails to do so, he may become liable to those ... who are caused a loss by his failure to exercise due care." Sadler v. Loomis, 776 A.2d 25, 37 (Md. Ct. Spec. App. 2001). The duty of an insurance producer to the insured stems from a relationship of "confidence and trust" that the insured has placed in an "experienced and knowledgeable" insurance agent or broker. Jones v. Hyatt Ins. Agency, Inc., 741 A.2d 1099, 1109 (Md. 1999). Thus, "[i]t is generally accepted ... that, when an insurance broker [or insurance producer] is employed to obtain a policy that covers certain risks and the broker fails (1) to obtain a policy that covers those risks, and (2) to inform the employer that the policy does not cover the risks sought to be covered, an action may lie against the broker either in contract or in tort." Cooper v. Berkshire Life Ins. Co., 810 A.2d 1045, 1067 (Md. Ct. Spec. App. 2002).

Plaintiff's assertion that Defendant had a duty to ask questions is unsupported by Maryland law.[6] As this Court has

---

[6] Plaintiff concedes that Maryland law does not specifically impose the tort duties enumerated in paragraphs 72-74 of the Amended Complaint on insurance producers. See ECF No. 13 at 7 (stating that although no case law addresses the precise duties

recently acknowledged, in Sadler v. Loomis, the Court of Special Appeals of Maryland noted that it did not find

> "any Maryland case that has imposed on an insurance agent or broker the affirmative duty to make an unsolicited recommendation concerning appropriate coverage, absent a special relationship or a request from the insured to provide such information."

Schlossberg v. B.F. Saul Ins. Agency of Maryland, Inc., Civil No. GJH-13-3076, 2015 WL 8361684, at *6 (D. Md. Dec. 8, 2015) (quoting Sadler, 776 A.2d at 39-40).  In Sadler, the plaintiff conceded that the parties did not have a special relationship. Sadler, 776 A.2d at 35 n.4.  As such, the court declined to recognize the plaintiff's negligence claim against the defendant for failure to render unsolicited advice in regard to whether she should obtain greater liability coverage.  See id. at 27 (concluding that the defendant "did not have a continuing, affirmative tort duty to render unsolicited advice to [the plaintiff] concerning the advisability or availability of liability coverage in a greater amount than was selected by [the plaintiff]").

    A special relationship requires "more than the ordinary insurer-insured relationship."  Id. at 35.  Rather, a special relationship may be shown when

---

enumerated in Plaintiff's Amended Complaint, insurance producer liability "presumably" includes those duties).

8

> an insurance agent or broker holds himself or herself
> out as a highly skilled insurance expert, and the
> insured relies to his detriment on that expertise ...
> [and] may also be demonstrated by a long term
> relationship of confidence, in which the agent or
> broker assumes the duty to render advice, or has been
> asked by the insured to provide advice, and the
> adviser is compensated accordingly, above and beyond
> the premiums customarily earned.

Id. Certainly nothing more than an ordinary insurance relationship was established when Plaintiff bought insurance by filling out a form on Defendant's website. The Amended Complaint does not allege that Plaintiff asked for clarification of certain terms in the insurance application or requested other information that Defendant failed to provide. Rather Plaintiff broadly alleges that Defendant did not ask him "enough questions" and "never explained to Robinson what 'principle residence' meant" without pointing to one conversation or interaction between Plaintiff and Defendant. See ECF No. 14-1 at ¶24, ¶73. As stated in Sadler, it appears that the question before the Court is

> "How many of the virtually infinite number of
> potential risks [is] a broker [required to]
> anticipate" in order to inform or educate his client
> about them, in the absence of any request by the
> insured.

Sadler, 776 A.2d at 35 (quoting CIGNA Prop. & Cas. Companies v. Zeitler, 730 A.2d 248, 261 (Md. Ct. Spec. App. 1999)). The Court finds that Defendant did not have a duty to make unsolicited recommendations to Plaintiff, as Plaintiff and

9

Defendant did not have a special relationship and Plaintiff did not ask Defendant to provide specific information in regards to his application.

In terms of Defendant's alleged duty to check Plaintiff's previous applications for inconsistencies and/or to affirm his assertions, the Maryland Court of Special Appeals has reiterated that "the onus is ... squarely on the insured to inform the agent of the insurance he requires." Sadler, 776 A.2d at 27 (citing Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137, 1142 (C.D. Cal. 1998)).  Defendant did not have a duty to search its databases and compare Plaintiff's applications for inconsistencies, rather, under Maryland law, the insurance applicant is responsible for any misinformation provided in his responses.  See Clemons v. American Cas. Co., 841 F. Supp. 160, 167 (D. Md. 1993) ("Maryland law imposes a heavy burden on applicants to provide the correct information on their application."); Encompass Home & Auto Ins. Co. v. Harris, GLR-12-2588, 2015 WL 6095496, at *6 (D. Md. Nov. 19, 2013) (concluding that "where the insured has the means to discover the falsity in his representation, but fails to correct the falsehood, he will be charged with the misrepresentation upon which the policy was procured"); Serdenes v. Aetna Life Ins. Co., 319 A.2d 858, 863 (Md. Ct. Spec. App. 1974) ("It is immaterial that it is the agent who inserts false statements

about material matters in an application for insurance, because if the assured has a means to ascertain that the application contains false statements, he is charged with the misrepresentations just as if he had actual knowledge of them and was a participant therein.").

"[U]nder Erie R.R. v. Tompkins, [304 U.S. 64 (1938)], the federal courts sitting in diversity rule upon state law as it exists and do not surmise or suggest its expansion." Burris Chem., Inc. v. USX Corp., 10 F.3d 243, 247 (4th Cir. 1993). Maryland law does not recognize the tort duties espoused by Plaintiff and this Court, sitting in diversity jurisdiction, declines Plaintiff's invitation to recognize new duties for either insurers[7] or insurance producers under Maryland law.

## V. CONCLUSION

For the above-stated reasons, the Court will grant Defendant's Motion to Dismiss Count III of the Amended Complaint.  A separate order will issue.

                                                _____/s/_____
                                                William M. Nickerson
                                                Senior United States District Judge

DATED: July 8, 2016

---

[7] Plaintiff states "[e]ven if no duty existed, Maryland should recognize a new duty for insurer direct-sale websites to use the same reasonable care as insurance producers would."  ECF No. 13 at 5.

11